```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSEPH DIORIO, | CIVIL ACTION NO. 07-3806 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| CHASE MANHATTAN BANK USA, N.A., |  |
| Defendant. |  |

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed for lack of prosecution under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b) (dkt. entry no. 16, Order to Show Cause ("OTSC")); and the Court taking the extraordinary step of notifying the parties' non-admitted attorneys of the order to show cause by regular mail and electronic mail at addresses found in the record (see id. at 6), even though the Court "may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting", Reshard v. Lankenau Hosp., No. 06-3170, 2007 WL 4201094, at *1 (3d Cir. Nov. 29, 2007) (cite and quotes omitted); and

**IT APPEARING** that this action was transferred to this Court from the United States District Court for the Southern District of Florida on August 13, 2007 (dkt. entry no. 1); and the Clerk of this Court, by letter dated August 15, 2007, advising the parties' attorneys that they were responsible for (1) "having a

member of the Bar of [the District of New Jersey] file an appearance in this action", and (2) "following and complying with the Local Civil Rules of this District" (dkt. entry no. 15, 8-15-07 Letter); and the plaintiff's counsel failing to either respond to the letter or have a member of the Bar of the District of New Jersey appear; and it further appearing that when the Court issued the order to show cause, the action had been pending for more than 120 days without the plaintiff taking any proceedings; and

**IT APPEARING** that the Court is authorized to dismiss the complaint unless good cause is shown for the lack of prosecution, see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute); and the Court being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and

**IT APPEARING** that a Court, when deciding whether to dismiss a complaint under Federal Rule of Civil Procedure 41(b), must balance:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

>     alternative sanctions; and (6) the meritoriousness of
>     the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); and

**THE PLAINTIFF FAILING** to respond to the order to show cause, and thus failing to (1) respond to the Clerk's earlier inquiry, (2) prosecute the action for more than 120 days, and (3) respond to a direct inquiry from this Court; and the Court concluding that the plaintiff has (1) become personally responsible for the delay, (2) been consistently dilatory, and (3) shown willful conduct; and thus it appearing that the first, third, and fourth Poulis factors weigh against the plaintiff; and

**THE COURT** concluding, as the plaintiff has failed to respond to the order to show cause, that the plaintiff's consistent delay in prosecution has prejudiced the defendant in its defense of this action; and thus it appearing that the second Poulis factor weighs against the plaintiff; and the Court having afforded the plaintiff — and the plaintiff failing to take advantage of — several opportunities to proceed; and the Court concluding that a sanction other than dismissal will engender more delay and be ineffective; and thus it appearing that the fifth Poulis factor weighs against the plaintiff; and the Court, due to the plaintiff's dilatory conduct, being unable to discern whether the claims herein have merit; and thus the Court deeming the sixth Poulis factor to be neutral; and

**THE COURT**, upon balancing the aforementioned six factors, intending to grant the order to show cause and dismiss the complaint for failure to prosecute; and the Court having engaged in a Poulis analysis in an excess of caution, even though (1) an admitted attorney has failed to appear on the plaintiff's behalf, and (2) this is arguably a situation where "a litigant's conduct makes adjudication of the case impossible, [and thus] such balancing under Poulis is unnecessary", see Azubuko v. Bell Nat'l Org., 243 Fed.Appx. 728, 728 (3d Cir. 2007) (dismissing appeal from order dismissing complaint, as plaintiff failed to comply with direction to proceed in proper manner), Jones v. N.J. Bar Ass'n, 242 Fed.Appx. 793, 793 (3d Cir. 2007) (affirming order dismissing complaint on same ground); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

**Dated:**  March 18, 2008